Johnson *v.* Dougherty.

---

### JOHNSON *vs.* DOUGHERTY and wife.[*]

1. Where one person purchases land for another, and with the money of the other, although he takes the title in his own name, a trust results to the person whose money is paid. So if a guardian, or other trustee, purchase with the money of the ward or *cestui que trust*, a trust results without being declared in writing.

2. Where a mother, a married woman, received money for her daughter, and declared that certain lands, purchased by and conveyed to her for about the amount so received, were purchased with that money and for her daughter, the lands will be decreed to be held in trust for the daughter.

---

[*] CITED *in Cutler* v. *Tuttle,* 4 *C. E. Gr.* 558; *Shaler* v. *Trowbridge,* 1 *Stew.* 599, 602.

3. If a man agree to convey lands, part of which belong to himself and part to his infant step-daughter, and receive a sum as part payment under that agreement, with which he purchases a mortgage that includes the infant's part, so as by foreclosure to give title, the mortgage will belong to him, and is not held in trust for the infant, the consideration for which the money was paid being the personal undertaking of the vendor, and not the property of the infant, which was in no wise affected by the contract.

*Mr. Woodruff,* for complainant.

*Mr. A. S. Pennington,* for defendants.

THE CHANCELLOR.

This suit is to foreclose a mortgage, given by Jacob R. Terhune and wife, to Martha Speer, for $700, dated on the ninth day of April, 1853. It includes a lot of land in Bergen county, and two lots in Passaic county ; $400 of the principal has been paid, and complainant seeks payment of the remaining $300, with interest. The mortgage was assigned by Martha Speer to Daniel Depew, on the tenth day of May, 1854, and was by him assigned to the complainants, in September, 1860. It is admitted that the mortgage, while held by Depew, was a valid and subsisting encumbrance on the property. Jacob R. Terhune and his wife, on the tenth day of May, 1854, conveyed the mortgaged premises and one other lot, to Letitia Johnson, the wife of the complainant, who died on the fourth day of February, 1859, leaving the defendant, Catharine Jane Dougherty, her daughter, her only issue and her heir-at-law. She was then seventeen years old, and afterwards married the defendant, James Dougherty.

After the purchase from Terhune, Johnson and his wife purchased two other lots, adjoining the first lot in the deed, from Terhune, being together the half acre excepted in that deed ; one of these two lots was conveyed to him and his wife, and the other to his wife. On the thirteenth of September, 1860, Johnson, by a written contract, agreed to convey to Abraham Coe, the first tract in the deed from Terhune, and the half acre excepted out of it in that deed and conveyed

by the two subsequent deeds. The price was to be $1300, of which $300 was paid in cash; the residue was to be paid on the delivery of the deed, which was to be on or before December, 1864; Coe, in the meantime, to occupy the property and pay $70 yearly rent for it.

With the $300 paid by Coe, Johnson purchased the mortgage held by Depew, and had the same assigned to him so as to have it foreclosed, and by a sale of the property, to give title to Coe; which could not otherwise be done, as the defendant, Catharine Jane, was a minor.

The defendants allege that the property conveyed by Terhune was purchased and paid for by money of the defendant, Catharine Jane, held by her mother, and was expressly bought and intended for her, and that it was, in consequence thereof, held in trust for her, free from any curtesy or interest of Johnson; and that when Johnson sold, or undertook to sell the same to Coe, the purchase money belonged to her, and when he paid Depew for this mortgage $300 received from Coe, the mortgage was satisfied or held in trust for her.

The consideration of the conveyance from Terhune was $1000 or $1025. Of this, $300 was left in the mortgage, which was by payments, on the day of the conveyance, reduced to $300, and transferred to Depew; $700 or $725 was paid in money. It appears satisfactorily, by the weight of evidence, that Letitia Johnson had in her hands about $700 of money belonging to her daughter, which she desired and intended to invest in this property, for the benefit of her daughter. It is proved, and not disputed, that she recovered and received upwards of $700 in a suit brought by her as next friend, in her daughter's name, in New York, for damages to her real estate in that state; and that she had several hundred dollars of the personal estate of Stephen Christopher, her first husband, and the father of Catharine Jane, to which Catharine Jane was entitled; and it is fair to presume that the money advanced for the expenses of that suit was intended to be advanced out of this money. The amount recovered is clearly proved by the attorney, who prosecuted

the suit, and collected the greater part of it. The only evidence on the other side is that of the complainant, who is so clearly shown to be mistaken in the most material parts of his account of what became of this money, as to deprive his testimony of all its weight.

The repeated declarations of his wife, at or about the time of the purchase, that this was bought with the $700 of her daughter, and was intended for her, are already proved, and are in harmony with the attending facts and circumstances.

It is a settled principle, that when one person purchases property for a stranger, and the purchase money is paid by the stranger, or out of his funds, although the title is taken in the name of the person making the purchase, a trust results, and the land is held in trust for the party whose money paid for it. So, if a guardian or other trustee purchase with the money of his ward or other *cestui que trust*, a trust results by operation of law. This trust arises without any declaration in writing, for it is expressly excepted by the statute of frauds, from the operation of that statute; and the facts necessary to constitute such trust can be proved by parol, even if denied by the answer. *Hill on Trustees*, 91–2, and *notes*, and 95; *Depeyster* v. *Gould*, 2 *Green's C. R.* 480.

In this case, the lands conveyed to Letitia Johnson by Jacob R. Terhune and wife, by their deed of May tenth, 1853, must be taken to have been held by her in trust for her daughter, Catharine Jane, with whose money, and for whose benefit, the same was purchased. But this does not dispose of the main question in this cause. The mortgage was in Depew's hands, a valid security. It was bought by Johnson that he might foreclose it; not to pay it off. He bought it with money that was his own, and to which the defendants had no claim. The money was paid to him by Coe, as the consideration of his agreement to convey the property. Coe got no title, but only Johnson's personal obligation to give title. Johnson, if he does not convey title, will be personally liable to pay this money back; it is no

lien on the property of the defendants. The lot conveyed to Johnson and his wife by Mrs. Terhune and her heirs, for which he paid $324, is included in the sale to Coe; and of this, the fee was vested in Johnson solely, by the death of his wife. Such is the effect of a conveyance to husband and wife jointly.

The complainant is entitled to a decree for the sale of the mortgaged premises. The defendant, Catharine Jane Dougherty, will be entitled to any surplus of the proceeds of such sale, above the mortgage debt and costs.

A decree must be made accordingly.